**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **GRETCHEN LEAH DAUMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 2:22-cv-00349-SLC** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Plaintiff Gretchen Leah Daumer brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On March 14, 2023, upon an agreed motion to remand by the parties, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings, entering a judgment in Daumer's favor. (ECF 13-15). On June 13, 2023, the Court granted the parties' stipulation to an attorney fee award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2812, in the amount of $1,543.46. (ECF 16, 17).

Daumer's attorney, Joseph Sellers ("Counsel"),[1] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $5,168.46. (ECF 18). Neither the Commissioner nor Daumer oppose Counsel's fee request. (*Id.* ¶¶ 8, 11). For the following reasons, the motion for attorney fees will be GRANTED, less an offset of $1,543.46 for attorney fees previously collected under the EAJA, resulting in a net payment of $3,625 for Counsel's representation of Daumer in federal court.

---

[1] Daumer is also represented in this action by attorney Deborah S. Spector of the same law firm as Sellers. (ECF 2). The term "Counsel" as used herein shall refer to either, or both, of these attorneys.

*A. Factual and Procedural Background*

On May 31, 2023, Counsel entered into a fee agreement with Daumer for their representation of Daumer in federal court, in which Daumer agreed to pay Counsel 25 percent of any past-due benefits awarded to her. (ECF 18-4 at 2).[2] On November 17, 2022, Daumer, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, pursuant to the parties' agreed motion to remand (ECF 13), the Court entered a judgment in Daumer's favor and remanded the case on March 14, 2023. (ECF 14, 15).

On June 14, 2023, the Commissioner filed a stipulation by the parties to an EAJA fee award of $1,543.46 in attorney fees and $402 in costs. (ECF 16). The Court subsequently granted Daumer's motion, in accordance with the stipulation, and awarded Daumer $1,543.46 in EAJA fees and $402 in costs. (ECF 17).

In November 2024, the Commissioner sent Daumer a notice of award, informing that she was found disabled as of April 1, 2020, and entitled to monthly disability benefits beginning September 2020. (*See* ECF 18-2 at 2-3; *see also* ECF 18-1). The notice indicated that Daumer was awarded $92,591 in past-due beneifts and that the Commissioner withheld 25 percent of that, $23,147.75, to pay Daumer's attorneys. (ECF 18-2 at 5).

On February 4, 2025, Counsel filed the instant unopposed motion, together with supporting documents, seeking the Court's approval of a § 406(b) award in the amount of $5,168.46, less an offset of $1,543.46 in EAJA fees previously awarded, resulting in a net payment of $3,625 from Daumer's withheld past-due benefits for Counsel's representation before

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

this Court. (ECF 18).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal

court, are governed by 42 U.S.C. § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793-94 (2002).

Section 406(a) controls fees for representation in administrative proceedings, and § 406(b)

controls attorney fees for representation in court. *Id.*; *see Arnold v. O'Malley*, 106 F.4th 595, 599

(7th Cir. 2024). Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged

against the claimant, not the government. *See Gisbrecht*, 535 U.S. at 796.[3]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee

agreement with the Commissioner to receive fees for the attorney's representation at the

administrative level. *See Gisbrecht*, 535 U.S. at 794-95; *see also* 20 C.F.R. § 404.1725(a).[4]

Under § 406(b), an attorney who has successfully represented a claimant in federal court may

receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the

past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. §

406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[5] This 25 percent cap applies only to fees for court

representation and not to the aggregate fees awarded under §§ 406(a) and (b). *See Culbertson v.*

*Berryhill*, 586 U.S. 53, 62 (2019). "[A] petition for fees under § 406(b)(1) must be brought

within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified . . . . " 28 U.S.C. § 2412(d)(1)(A).

[4] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *See Gisbrecht*, 535 U.S. at 795.

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796.

Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must

refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award

"offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under

§ 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.*

at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are
> unenforceable to the extent that they provide for fees exceeding 25
> percent of the past-due benefits. Within the 25 percent boundary, . . .
> the attorney for the successful claimant must show that the fee
> sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the
> contingent-fee agreement, then testing it for reasonableness, have
> appropriately reduced the attorney's recovery based on the character
> of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted); *see Arnold*, 106 F.4th at 601 ("[A] district court

must begin with the contingency award as its polestar and consider whether that amount should

be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction

with their attorney's representation, the attorney's expertise and efforts expended, whether the

attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an

adverse outcome, and how the effective hourly rate compares to others in the field and

jurisdiction." (citations omitted)).

### *C. Analysis*

The Court is charged with determining whether Counsel's requested fee (prior to

subtracting the EAJA award) of $5,168.46 under the fee agreement and § 406(b) is "a reasonable

fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ."

42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL

6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts

should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice

of benefits indicates that the Commissioner withheld $23,147.75 as 25 percent of Daumer's past-

due benefits. (ECF 18-2 at 5). As such, the fee amount that Counsel requests, $5,168.46, does not

exceed 25 percent of Daumer's total past-due benefits.

Counsel contends that the requested fee award of $5,168.46 "is reasonable and reflects

the contingent nature of the recovery." (ECF 18 at 3). In consideration of the fee's

reasonableness, the Court notes that Counsel obtained a good result for Daumer, as the

Commissioner ultimately found her disabled and awarded her disability benefits. *See Gisbrecht*,

535 U.S. at 808. The Court also observes that Counsel's request is far below the 25 percent limit.

Further, Counsel timely litigated the case and the subsequent fee motions, not seeking any

extensions of time. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the

attorney in an effort to assess whether the attorney created an unreasonable delay that would

contribute to the attorney's profit from the accumulation of the claimant's past benefits). Nor is

there any indication that Daumer was dissatisfied with Counsel's representation, as Daumer filed

an acknowledgment of her consent to Counsel's fee request of $5,168.46. (ECF 18-6); *see*

*Arnold*, 106 F.4th at 601 (identifying "the claimant's satisfaction with their attorney's

representation" as a factor to consider in 406(b) fee cases).

Further, the risk of loss the attorney assumes in representing the plaintiff is a factor some

courts consider when assessing the reasonableness of the requested fee. *See e.g., Hussar-Nelson*

*v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ( "[T]here is a

great risk of loss in social security disability appeals at the district court level because a

substantial evidence standard of review governs rather than a de novo standard. The risk of loss

is also greater in social security cases because there are no settlements."); *see also Crawford v.*

*Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in

accepting [Social Security] cases, including the risk that no benefits would be awarded or that

there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Indeed, it is "widely recognized . . . that recovery under contingency fee agreements serves to

offset an attorney's losing cases, . . . [which] is especially significant in the context of Social

Security cases where the risk of loss is high and cases potentially stretch out over long periods of

time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Counsel's requested fee of $5,168.46 divided by the 7.5 hours her firm spent on the case

in federal court equates to an effective rate of about $689 per hour. (*See* ECF 18-5). This

requested fee equates to an effective rate akin to previous awards  by this Court. *See, e.g., Owsley*

*v. Astrue*, No. 1:07-CV-00073, 2010 WL 5173148, at *4 (N.D. Ind. Dec. 14, 2010) (awarding a

fee of $810 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312, at *4 (N.D. Ind.

Aug. 11, 2014) (awarding a fee of $647.61 per hour). This bolsters the Court's conclusion that

the contingent-fee arrangement will not result in unreasonable fees, as there is no indication that

"the benefits are large in comparison to the amount of time counsel spent on the case." *Arnold*,

106 F.4th at 600 (citation and quotation marks omitted).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of

$5,168.46 less an offset of $1,543.46 for EAJA fees previously awarded, resulting in a net fee

award to Counsel of $3,625. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983

F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible"

with respect to payment of § 406(b) fees (internal quotation marks omitted)).

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 18) is GRANTED in the amount of $5,168.46 less an offset of $1,543.46 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $3,625. The Commissioner shall pay Counsel $3,625 out of Daumer's withheld past-due benefits in accordance with agency policy and release any remaining withheld benefits to Daumer. Counsel is allowed to retain the $1,543.46 in EAJA fees previously awarded.

SO ORDERED.

Entered this 28th day of February 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge